## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WHAM-O, INC., | ) ) ) |
| Defendant. | |

Civil Action No.

JURY TRIAL DEMANDED

**Filed Electronically**

### COMPLAINT

Plaintiffs for their Complaint herein, allege that:

### The Parties

1.  Relator FLFMC brings this action in the name of the United States and its own name (collectively "Plaintiffs"), pursuant to 35 U.S.C. § 292(b). Plaintiff FLFMC is a Pennsylvania LLC with its principal place of business in Pennsylvania.

2.  Defendant Wham-O, Inc. is a Delaware Corporation with its principal place of business at 5903 Christie Avenue, Emeryville, California 94608.

### Jurisdiction and Venue

3.  This case is a civil action for, *inter alia*, false marking in violation of 35 U.S.C. § 292(a). This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1355(a), and 1338(a) and (b), as this action involves substantial claims arising under the patent laws of the United States.

4. Venue for this action is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a) because the asserted claims arose in this District and, on information and belief, Defendant, at all times material hereto, has done business in this District.

5. This court has personal jurisdiction over this Defendant, because, upon information and belief, Defendant has sold its falsely marked products in Pennsylvania and in this District and/or in the stream of commerce with knowledge that they would be sold in Pennsylvania and in this District. Upon information and belief, such sales in Pennsylvania and in this District of Defendant's products are substantial, continuous and systematic.

**Background**

6. United States Patent No. 3,359,678 ("the '678 patent") was filed on November 1, 1965, issued on December 26, 1965 and assigned to Wham-O, Inc.

7. United States Patent No. 3,354,678 ("the '4,678 patent") was issued on November 28, 1967.

8. The '678 patent was later assigned to Kransco Manufacturing, Inc.

9. Upon information and belief, in 1994 Mattel purchased the assets of WHAM-O, including its assignment to the '678 patent, from Kransco.

10. Upon information and belief, Wham-O re-obtained its assignment to the '678 patent when it became independent in 1997 and a group of investors purchased the company from Mattel.

11. Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '678 patent expired on November 1, 1985.

12. Wham-O, or its agents, manufacture, sell, offer to sell, and/or advertise the product referred to as Frisbee® Flying Disc or Flexible Flying Disc.

13. The Frisbee® Flying Disc or Flexible Flying Disc is marked with the '678 patent.

14. Wham-O also markets a Pro Classic Frisbee® Disc mismarked with the '4,678 patent.

### First Cause of Action
### (False Marking)

15. Plaintiffs repeat and re-allege paragraphs 1-14 as if set forth fully herein.

16. After November 1, 1985, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Frisbee® Flying Disc, phrases referring to the '678 patent, implying that the item was patented.

17. Defendant or its agents did so for the purpose of deceiving the public.

### Second Cause of Action
### (False Marking)

18. Plaintiffs repeat and re-allege paragraphs 1-16 as if set forth fully herein.

19. Wham-O or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Frisbee® Pro Classic, phrases referring to the '4,678 patent, implying that the item was patented under that number.

20. Defendant or its agents did so for the purpose of deceiving the public.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that:

A. This Court find that Defendant has violated 35 U.S.C. § 292(a);

B. This Court assess a fine in accordance with 35 U.S.C. § 292;

C. This Court declare this case to be an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their reasonable costs and attorneys' fees, together with interest, including pre-judgment interest, thereon; and

D. This Court grant Plaintiffs such further and other relief (including attorney's fees) to which they may be entitled.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues to which it is entitled.

Respectfully submitted,

*s/David G. Oberdick*
David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email: dgo@muslaw.com

Tony J. Thompson, Esquire
Pa. I.D. No. 204609
Email: tjt@muslaw.com

Meyer, Unkovic & Scott LLP
535 Smithfield Street
Suite 1300
Pittsburgh, PA 15222
(412) 456-2800

**Attorneys for Plaintiffs**

Dated: April 1, 2010