IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> WHAM-O, INC., <br><br> Defendant. | ) Civil Action No. 2:10-cv-00435 <br> ) <br> ) Honorable Arthur J. Schwab <br> ) <br> ) <br> ) <br> ) **AGREED CONFIDENTIALITY ORDER** <br> ) <br> ) <br> ) |

WHEREAS, Plaintiffs, United States of America, ex rel., and FLFMC, LLC ("FLFMC"), by and through their counsel, MEYER, UNKOVIC & SCOTT, LLP, have requested the production of certain documents and information from Defendant Wham-O, Inc. ("Wham-O") in the above-captioned action (the "Action"), and may continue to request, subpoena, or otherwise seek the production of documents and information from Wham-O or third parties pursuant to the Federal Rules of Civil Procedure in the above-captioned action;

WHEREAS, Wham-O, by and through its counsel, BABST, CALLAND, CLEMENTS & ZOMNIR, P.C. and RESCH POLSTER & BERGER LLP, will also request, subpoena or otherwise seek the production of certain documents or information from FLFMC or third parties pursuant to the Federal Rules of Civil Procedure in the above-captioned action; and

Pursuant to the stipulation of the parties, by and between their respective counsel, and in recognition of U.S. District Judge Schwab's July 19, 2010 Rule 26(f) Status Conference directive and Chief U.S. District Judge Ambrose's January 27, 2005 Order requiring prior leave of Court for each document the parties request to be filed under seal, it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. A party may designate as "Confidential Information" information that it believes in good faith, contains privileged, confidential, proprietary, financial or commercially sensitive business information which is unavailable to the public and not readily determinable from other sources or might be of value to a competitor of the designating party.

2. Each "Confidential" document shall be designated as such before production by typing, stamping or affixing on its face (in such a manner as will not interfere with its legibility) the following: "Confidential Information Subject to Protective Order." If information is designated as Confidential Information under this Confidentiality Order, the restrictions applicable to that information shall apply equally to any copies of that information, including but not limited to any notes, excerpts, summaries, or other transcriptions made therefrom.

3. Except as hereinafter provided, all documents designated Confidential Information, and the information contained therein, shall be used only for purposes necessary to the litigation of claims in the Action (the "Permitted Purpose") and not for any commercial, business, competitive, or other purpose, or in or for any other judicial or administrative proceeding, dispute or case.

4. Confidential Information may be disclosed only to a "Qualified Person," unless otherwise expressly provided in this Order. "Qualified Person" shall mean:

    a. Any named party in this action, including its present or former directors, officers, employees, outside or in-house auditors, and managing members;

    b. Any other person or entity to whom/which any party is legally or contractually obligated to produce Confidential Information;

    c. Counsel for any party in this action and attorneys, paralegals, and secretarial, clerical, and other support personnel employed by said

counsel's firm when operating under said counsel's supervision and control;

    d.    Judges and court personnel of the United States District Court for the Western District of Pennsylvania or court appointed mediator; certified court reporters and/or videographers acting as such; and to the extent necessary to prosecute any appeals of this action, the judges and court personnel of the applicable appellate courts;

    e.    Such persons as are engaged by a party or counsel to act as consultants and testifying or consulting experts in this action;

    f.    Witnesses (including their attorneys) at a deposition or trial, as may be necessary;

    g.    Non-Parties to whom Confidential Information must be produced subject to a subpoena, court order or other legal process in accordance with paragraph 10 below; and

    h.    As specified or allowed pursuant to any other provision of this Order.

5.    Documents designated Confidential Information may be disclosed to any person who appears as an author, addressee, or recipient of the document, or to any person who in fact has already received the document, or to any officer, director, regular employee or attorney (including legal assistants and regularly employed office staff) of the party producing the document ("Producing Party").

6.    In the event it becomes necessary to show any of the Confidential Information to a witness at a deposition, the Confidential Information shall be disclosed to that witness only after the witness acknowledges in writing or orally on the record that he or she will treat such as

confidential and will not disclose it to other persons. Any inadvertent failure to ask a witness this question at a deposition will not waive or destroy the Confidential nature of the document. That portion of any deposition transcript, including attached exhibits, or other discovery, which disclose, pertain to, refer to, or incorporate the Confidential Information shall be marked by the court reporter as "Confidential" at the time of the deposition and treated according to the terms of this Order and shall be deemed to be Confidential Information.

7. Any motion, brief, discovery request, or pleading in the Action in which Confidential Information is quoted, discussed, relied upon, attached as an exhibit or otherwise disclosed shall be marked as containing Confidential Information. If a party wishes to submit Confidential Information to the Court and provided the Court has entered an Order permitting the filing of such Confidential Information under seal, such submission shall be filed in a sealed envelope bearing the caption of this action and a notice in the following form:

CONFIDENTIAL INFORMATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC., | ) ) ) | Civil Action No. 2:10-cv-00435 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WHAM-O, Inc., | ) ) | |
| Defendant. | ) | |

"This envelope, which is being filed under seal pursuant to Court Order, contains documents that are subject to a Protective Order governing the use of confidential discovery material."

8. Before filing Confidential Information, the party seeking to file such information shall first seek an Order of Court to have the Confidential Information filed under seal. To the extent that an Order of Court is not obtained, or may not be obtained in a sufficient amount of time in order to meet a court-ordered deadline, the party shall file the document with the Clerk redacting all Confidential Information contained therein.

9. During trial or an evidentiary proceeding in this Action, Confidential Information produced pursuant to this Order may be offered into evidence and retained by the Court. However, the information shall not lose its confidential status through such use, and the parties and the Court shall take all reasonable steps to protect its confidentiality during such use.

10. In the event that any recipient of Confidential Information (a) is served with a subpoena or other legal process in another action, (b) is served with a request or a demand in another action to which it is a party, or (c) is served with a request or a demand or any other legal process by one not a party to this Action concerning documents subject to the Order, that person (the recipient of Confidential Information) shall give prompt written notice of such event to the Producing Party. Within ten (10) days from the giving of such written notice, the Producing Party shall advise the party which is to respond to the subpoena, request, or demand of its position concerning the production of documents subject to this Order and take responsibility for objecting to such request, demand, or subpoena. In the event that the party served is obligated by a court or administrative ruling to disclose the Confidential Information, compliance with such order shall not be a violation of this Order.

11. In the event a party inadvertently discloses Confidential Information, that party shall upon learning of the disclosure:

      (a)    in writing, notify the party, within a reasonable time, to whom the disclosure was made that it contains Confidential Information subject to this Order;

      (b)    immediately make all reasonable efforts to preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

      (c)    if that party is the Receiving Party, notify in writing, within a reasonable time the Producing Party of the identity of the person(s) to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to ensure against the dissemination or use of the information.

12. At any time after receipt of documents or information designated as Confidential Information, counsel for the Receiving Party may challenge the confidential designation of such information (or portion of such information) by providing to counsel for the Producing Party a written notice of such challenge identifying each document, transcript, or item of information challenged. The notice shall identify the disputed information and shall state the reason such information should not be accorded confidential treatment and the facts underlying such reasoning. Within ten (10) days, Producing Party will advise Receiving Party whether or not it will change the designation. If the Producing Party elects not to change the designation, then Counsel shall confer in an attempt to resolve any dispute concerning the confidential designation of such material. (See Local Rule 37.1). In the event that counsel are unsuccessful and the dispute is brought before the Court, the confidential status of the challenged material shall be maintained until final ruling by the Court on any motion, as well as the final resolution of any appeal from any such ruling. In any such dispute brought before the Court, the Producing Party

shall bear the burden of proof as to its designation of documents or information as "Confidential Information."

13. This Order shall be without prejudice to a Producing Party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on any grounds other than confidentiality.

14. Except as otherwise provided in this Order, any and all Confidential Information produced during discovery in this Action shall be retained in the custody of outside counsel for the parties in a secure place to prevent inadvertent disclosure and appropriately identified so as to give advance notice to those encountering the documents the terms for permitted access and review. Notwithstanding any other provision of this Order, off-site records/document storage facilities may be used to store Confidential Information during and after the conclusion of this Action. Appropriate, reasonable steps shall be undertaken to not allow the disclosure of such information contrary to the intent of this Order.

15. Nothing in this Order shall affect the right of any party to this Order to seek additional or lesser protection against the disclosure of Confidential Information, including but not limited to the following:

    (a) applying to the Court, or a court of competent jurisdiction, for the entry of a Protective Order with respect to Confidential Information;

    (b) applying to the Court for termination of confidential handling of particular information; or

    (c) applying to the Court for the elimination of any or all restrictions imposed by this Order.

16. Counsel shall be responsible for apprising their associates, employees and staff, and any other persons qualified pursuant to this Order, who review any Confidential Information, of the contents of this Order and to monitor its compliance.

17. Any dispute which arises under this Order, including any effort, wherever made, to contest the designation of Confidential Information or any other terms of this Order, shall be resolved by motion made before this Court.

18. At the conclusion of this Action, including any and all appeals, all Confidential Information subject to this Order shall be, at the option of the Receiving Party, returned to the Producing Party, destroyed, or maintained in the Receiving Party's files as confidential, and shall remain subject to all the terms and conditions of this Order. Upon the final termination of this Action, including after any appeal, the Clerk of the Court shall return all documents and things containing Confidential Information that were filed under seal with the Court to the party that filed them.

19. The provisions of this Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Order to enforce this Order.

APPROVED AND AGREED TO:

/s/ David G. Oberdick
David G. Oberdick, Esq.
  PA I.D. No. 47648
Tony J. Thompson, Esq.
  PA I.D. No. 204609

MEYER, UNKOVIC & SCOTT, LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
Telephone:   (412) 456-2800
Facsimile:

Counsel for Plaintiffs

/s/ Heather S. Heidelbaugh
Heather S. Heidelbaugh, Esq.
  PA I.D. No. 49989
Christopher M. Helms, Esq.
  PA. I.D. No. 208517

BABST, CALLAND, CLEMENTS &
ZOMNIR, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA 15222
Telephone:   (412) 394-5636

Andrew V. Jablon, Esq.
*pro hac vice*

RESCHER POLSTER & BERGER LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, California 90069-3604
Telephone:   310-277-8300

Counsel for Defendant

IT IS SO ORDERED

Dated: July ___, 2010

_____
Judge Arthur J. Schwab
United States District Court
For the Western District of Pennsylvania