IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex rel., and
FLFMC, LLC,

                                                                         10cv0435

          Plaintiffs,                            **ELECTRONICALLY FILED**

     v.

WHAM-O, INC.,

          Defendant.

**MEMORANDUM OPINION RE: DEFENDANT'S
MOTION TO DISMISS (DOC. NO. 13) FOR
LACK OF SUBJECT MATTER JURISDICTION
PURSUANT TO FED.R.CIV.P. 12(b)(1)**

**I.    Introduction**

Plaintiff FLFMC, LLC, a Pennsylvania Limited Liability Corporation, has brought this *qui tam* suit on behalf of the United States of America against Wham-O, Inc. under 35 U.S.C. § 292, the false marking statute, for allegedly marking upon its products phrases referring to patents that are expired or do not apply to the products.[1] Before the Court is defendant's Motion to Dismiss (Doc. No. 13) this false marking - *qui tam* action for want of jurisdiction pursuant to

---

[1] Section 292, "False Marking," provides in relevant part:

    (a) Whoever, without the consent of the patentee, marks upon, or affixes to . . . anything made, used, offered for sale, or sold by such person within the United States, . . . the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public . . . or Whoever marks upon, or affixes to . . . any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . . – Shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a).

Fed.R.Civ.P. 12(b)(1), because of plaintiff's lack of constitutional and jurisprudential standing.[2]

Section 292(b) provides: "Any person may sue for the [$500.00 per violation] penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b). Defendant contends that, despite this *qui tam* provision,[3] FLFMC does not have standing to bring the section 292 action because it has sustained no injury-in-fact. The Court agrees.

### A. Standing Prerequisites

The doctrine of standing "consists of both a 'case or controversy' requirement stemming from Article III, Section 2 of the Constitution, and a subconstitutional 'prudential' element." *Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir. 2000). Constitutional standing is a threshold issue that should be addressed before examining issues of prudential standing and statutory interpretation. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiffs must bear the burden of proving standing. *Storino v. Bor. of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003).

The United States Court of Appeals for the Third Circuit set forth the parameters of the constitutional standing analysis many times, including in *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286 (3d Cir. 2005), which provides:

---

[2] Defendant's motion to dismiss also raises a Fed.R.Civ.P. 12(b)(6) challenge for failure to state a claim, and a challenge to the constitutionality of section 292 motion under the "Take Care" and "Appointments" clauses of Article II of the Constitution regarding control of litigation involving the United States as a party by the Executive Branch. The Court's resolution of the threshold jurisdictional challenge obviates the need to address these other matters.

[3] The *qui tam* statute herein, 35 U.S.C. § 292, allows a private plaintiff to sue a private defendant for false markings violations as *ex relator* on behalf of the United States of America.

>Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) . . . .
>
>A "legally and judicially cognizable" injury-in-fact must be "distinct and palpable," not "abstract or conjectural or hypothetical." *Raines v. Byrd*, 521 U.S. 811, 819 (1997) . . . . While it is difficult to reduce injury-in-fact to a simple formula, economic injury is one of its paradigmatic forms. In *Havens Realty Corp. v. Coleman*, for example, an organization devoted to fair housing practices suffered a "concrete and demonstrable injury" when a realty company's racial "steering" practices "perceptibly impaired [its] ability to provide counseling and referral services for low-and moderate-income homeseekers," resulting in a "drain on the organization's resources." 455 U.S. 363, 379 (1982); *see also San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) ("Economic injury is clearly a sufficient basis for standing."); Wright and Miller, Federal Practice and Procedure, § 3531.4 at 830 (2005 Supp.) ("Standing is found readily, particularly when injury to some traditional form of property is asserted.").
>
>                    *     *     *
>
>The injury-in-fact requirement exists to assure that litigants have a "personal stake" in the litigation. See *The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000). By ensuring that litigants present actual cases and controversies, it is also keeps the judicial branch from encroaching on legislative prerogatives, thereby preserving the separation of powers. See *Valley Forge v. Americans United for Separation of Church and State*, 454 U.S. 464, 473-74 (1982).

432 F.3d at 290-91 (additional citations omitted).

      **B.**      **Standing in Section 292 *Qui Tam* Actions**

Recently, district courts in different circuits have considered the threshold constitutional standing issue in the context of section 292 *qui tam* actions involving third party entities which have suffered no injury-in-fact but seek damages and attorneys fees for false marking on behalf of the United States from corporate entities which continue to use or display expired patents or

patents that do not cover marked products. One district court has denied standing. *See Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009). Two district courts have hesitantly found standing. *See Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714, 724, n. 15 (E.D. Va. 2009); *and Juniper Networks v. Shipley*, 2009 U.S. Dist. Lexis 40978 (N.D. Cal. 2009) (granting motion to dismiss on failure to state a claim, not on standing issue). Still another district court has stayed multiple cases pending the anticipated definitive ruling by the United States Federal Circuit Court in the *Brooks Brothers* appeal.[4] *See, e.g. San Francisco Technology, Inc. v. Adobe Systems Inc.*, 2010 U.S. Dist. Lexis 40216 (N.D. Ca. 2010) (collecting cases).

After due consideration of WHAM-O, Inc.'s Motion to Dismiss, FLFMC's response thereto, and the briefs and supporting materials in support and in opposition, this Court will grant defendant's Motion to Dismiss because neither FLFMC nor the United States of America has suffered any concrete injury-in-fact, and the government cannot assign its "sovereign injury" to a private plaintiff; consequently, plaintiff cannot establish an injury-in-fact sufficient to establish Article III standing.

## II.     Facts Alleged in Complaint

For purposes of deciding defendant's Motion to Dismiss, the Court assumes the truth of the factual assertions of the Complaint and gives plaintiff the benefit of all reasonable inferences arising therefrom. Plaintiff is a Pennsylvania limited liability corporation with its principal place of business in Pennsylvania. Complaint (Doc. No. 1) at ¶ 1. Defendant Wham-O, Inc. is a

---

[4] The several plaintiffs in these cases are individuals or corporations who have sued on behalf of the federal government under section 292 for false marking on the grounds that the several defendants are using expired patents. None of the plaintiffs allege that they have sustained any tangible injuries in fact as a result of the alleged false marking violations.

Delaware corporation with its principal place of business in California. *Id*. at ¶ 2.

FLFMC brings this action on behalf of the United States and itself pursuant to 35 U.S.C. § 292(b) of the false marking statute, which authorizes "any person" to sue for the penalty of $500.00 per violation, and to retain one-half of any penalty awarded for the effort. The false marking statute is a quasi-criminal statute because it is penal in nature, punishing the violator with defined monetary penalties. *U.S. Gypsum Co. v. Pacific Award Metals, Inc.*, 438 F.Supp.2d 1101, 1105 n.3 (N.D.Ca. 2006) (citing *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359 (9th Cir. 1980).

Plaintiff asserts this Court has subject matter jurisdiction over its *qui tam* claims pursuant to 28 U.S.C. §§ 1331, 1335(a), and 1338(a)(b), and that venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(c) and 1395(a). Moreover, plaintiff asserts that this Court has personal jurisdiction over Wham-O because it has "sold its falsely marked products in Pennsylvania and in this District and/or in the stream of commerce with knowledge that they would be sold in Pennsylvania and in this District. Upon information and belief, such sales in Pennsylvania and in this District of defendant's products are substantial, continuous and systematic." Complaint, ¶ 5.

The substance of plaintiff's Complaint consists solely of the following 15 paragraphs:

> 6. United States Patent No. 3,359,678 ("the '678 patent") was filed on November 1, 1965, issued on December 26, 1965 and assigned to Wham-O, Inc.
>
> 7. United States Patent No. 3,354,678 ("the '4,678 patent") was issued on November 28, 1967.
>
> 8. The '678 patent was later assigned to Kransco Manufacturing, Inc.

9. Upon information and belief, in 1994 Mattel purchased the assets of WHAM-O, including its assignment to the '678 patent, from Kransco.

10. Upon information and belief, Wham-O re-obtained its assignment to the '678 patent when it became independent in 1997 and a group of investors purchased the company from Mattel.

11. Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '678 patent expired on November 1, 1985.

12. Wham-O, or its agents, manufacture, sell, offer to sell, and/or advertise the product referred to as FrisbeeQY Flying Disc or Flexible Flying Disc.

13. The FrisbeeQY Flying Disc or Flexible Flying Disc is marked with the '678 patent.

14. Wham-O also markets a Pro Classic FrisbeeQY Disc mismarked with the '4,678 patent.

**First Cause of Action**
(False Marking)

15. Plaintiffs repeat and re-allege paragraphs 1-14 as if set forth fully herein.

16. After November 1, 1985, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the FrisbeeQY Flying Disc, phrases referring to the '678 patent, implying that the item was patented.

17. Defendant or its agents did so for the purpose of deceiving the public.

**Second Cause of Action**
(False Marking)

18. Plaintiffs repeat and re-allege paragraphs 1- 16 as if set forth fully herein.

19. Wham-O or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the

>    FrisbeeQY Pro Classic, phrases referring to the '4,678 patent, implying that the item was patented under that number.
>
> 20. Defendant or its agents did so for the purpose of deceiving the public.

Complaint, ¶¶ 7-20.

### III. Standard of Review - Fed.R.Civ.P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for "lack of subject matter jurisdiction." Article III of the Constitution restricts the "judicial power" of the United States to the resolution of "cases" and "controversies." See *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "case and controversy" prerequisite is a critical component of federal court jurisdiction to entertain the suit. *Lujan,* 504 U.S. at 559. A motion to dismiss for want of standing is properly brought pursuant to Fed.R.Civ.P. 12(b)(1), because standing is a jurisdictional matter. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citing *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000).

The Court of Appeals summarized the standard of review of a Rule 12(b)(1) challenge to the Court's subject matter jurisdiction based on lack of standing as follows:

> Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. See *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Storino* . . . , 322 F.3d 293, 296 . . . . On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan* . . . 504 U.S. 555,

561 . . . . However, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561.

*Ballentine*, 486 F.3d at 810 (parallel citations omitted).

### IV. Section 292 Standing Discussion

#### A. Standing Requirements Generally

Maintaining the separation and balance of powers within the co-equal branches of the federal government is fundamental to the American governing system, as established and delineated by the United States Constitution. To that end, the Constitution provides, *inter alia*, that the judicial power extends only to "case and controversies," and a plaintiff must establish standing to demonstrate an actual conflict involving a "case or controversy." U.S. Const. Art. III, § 2.

To establish constitutional standing, the Supreme Court has developed a three-prong test. See, e.g., *Friends of Earth, Inc. v. Laidlaw Envtl. Srvs. (TOC), Inc.*, 528 U.S. 167 (2000). First, plaintiff must show an injury-in-fact, a harm that is "both concrete and actual or imminent, not conjectural or hypothetical." *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (internal quotation marks and citations omitted). Second, plaintiff must establish causation by showing that the injury was the result of the defendant's violation of law. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41 (1976). Third, plaintiff must demonstrate a likelihood that the requested relief will substantially remedy the injury-in-fact. *Id*. at 45.

In *qui tam* controversies, the first requirement, injury-in-fact, may be assigned by statute and the consent of the government to a private plaintiff to seek remedy on behalf of the

government. In *Vermont Agency*, the Court adopted the doctrine of "representational standing," under which the government is deemed to have partially assigned its rights and injuries to a private plaintiff in certain situations. 529 U.S. at 773-74. This assignment in effect "transfers" the injury-in-fact from the government to the private plaintiff. The legal effect of this doctrine is that a private plaintiff who otherwise would not meet the requisites for establishing injury-in-fact may, nonetheless, be deemed to have standing for purposes of bringing the claim because the injury-in-fact has been partially assigned by the government. *Id*. at 774.

In most *qui tam* actions, the United States assigns a proprietary interest (i.e., an interest arising from ownership or contract rights) to a private plaintiff, making the injury-in-fact the "proprietary injury resulting from the alleged fraud." *Id*. at 771. (For example, when the government is drastically and fraudulently overcharged for some item.) When the government has no proprietary injury, however, a mild controversy among the district courts has blossomed regarding whether the government may assign a purely "sovereign injury" (i.e. the inherent injury sustained to the "sovereign" from a violation of its laws) to confer an injury-in-fact to a private plaintiff. *Compare Brooks Brothers*, 615 F. Supp. 2d at 254 ("the Court doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury-in-fact sufficient to establish a *qui tam* plaintiff's standing."), *with Solo Cup Co.*, 640 F. Supp. 2d at 724, n. 15 ("Although some scholars have argued that the government can assign only proprietary, and not purely sovereign, interests, the Supreme Court made no such distinction in its discussion of assignment in *Vermont Agency*, and this Court declines to adopt this

distinction.").[5]

In this case, there is no quantifiable, concrete injury to the United States or to FLFMC; the only injury that has been alleged is the quasi-criminal violation of the false marking statute, a "sovereign injury." Plaintiff contends that under the *Vermont Agency* case a "sovereign injury" is sufficient to establish standing for both the United States and its assignees. This Court aligns itself with the *Brooks Brothers* decision, however, and holds that (1) the government cannot assign a purely "sovereign injury," and (2) even if the government could assign a "sovereign injury," plaintiff's complaint does not and cannot establish a concrete injury-in-fact. Because plaintiff does not have any actual injury and cannot be deemed to have acquired the government's sovereign injury, plaintiff has no standing, and therefore, this Court has no jurisdiction.

   1.   **Plaintiff Cannot Demonstrate Injury-in-fact Because Purely "Sovereign Injury" Is Not Assignable.**

Plaintiff relies on the *Vermont Agency* case to support its position that a "sovereign injury" is assignable. In *Vermont Agency*, plaintiff's *qui tam* action was brought pursuant to the False Claims Act ("FCA"). 31 U.S.C. § 3729. Under the FCA, a private person (the relator) may bring a *qui tam* civil action "in the name of the [Federal] Government," 31 U.S.C. § 3730(b)(1), against "[a]ny person" who, inter alia, "knowingly presents . . . to . . . the . . . Government . . . a false or fraudulent claim for payment." *Id.* at § 3729(a). The relator receives a share of any proceeds from the action. §§ 3730(d)(1)-(2). Relator Stevens brought such an action against a state agency, alleging that it had submitted false claims to the Environmental Protection Agency

---

[5]The dispute amongst the district courts is discussed at some length in *San Francisco Technology, Inc.*, 2010 U.S. Dist. Lexis 40216 (collecting cases).

in connection with federal grant programs the EPA administered.

The Supreme Court noted the United States had incurred two injuries: (1) "the injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the government)," and (2) "the proprietary injury resulting from the alleged fraud." *Vermont Agency*, 529 U.S. at 771. The Supreme Court explained that in *qui tam* cases, private plaintiffs are considered partial assignees of the injury-in-fact suffered by the government, the assignor. *Id*. at 774. Though the Supreme Court did not explicitly parse the nature of the injury that may be assigned, the Supreme Court's application of assignment principles and general standing principles leads this Court to conclude that a purely "sovereign injury" cannot be assigned. *See Brooks Brothers*, 615 F. Supp. at 254 n. 5; *see also Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Calif. L. Rev. 315, 342 (2001) ("It seems safe to say that assignment may form the basis of representational standing *only* where the government's claim seeks to vindicate a proprietary injury.").

      **a.**    **Under Generally Accepted Assignment Principles, "Sovereign Injuries" Are Not Assignable**

The Supreme Court's application of assignment principles in a public context affirms that only certain types of injuries may be assigned. *Vermont Agency*, 529 U.S. at 773 (using the term "partial assignment," affirming that only some interests or injuries may be assigned.). In the vast majority of *qui tam* cases, assignable interests or injuries are of a proprietary nature, apply mostly in contract and property law, and usually turn on the pecuniary deflation of an estate owned or controlled by the assignor. *See, e.g.*, 6 Am. Jur. 2d Assignments § 2 (2010) (" An assignment is a formal transfer of property or property rights from one to another."). Generally, interests that

are "personal," such as child custody, marital or false imprisonment claims, are not assignable because the intangible and intimate nature of the claim is the exclusive interest of the injured individual. *See, e.g., Assignability of Claim for Legal Malpractice,* 40 A.L.R. 4th 684, § 1 (1995) ("At the present time, practically the only classes of choses in action which are not assignable are those for torts for personal injuries and for wrongs done to the person, the reputation, or the feelings of the injured party, and those for breach of contracts of a purely personal nature, such as promises of marriage."); *Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Calif. L. Rev. 315 (2001).

"Personal" interest is analogous to the sovereign interest in the public context to the extant that when a sovereign injury (i.e. a violation of the sovereign's laws which do not cause tangible, concrete injury) occurs, the government has not suffered a deflation of an estate, but rather, an injury in the form of a violation of the public order and appropriate societal behavior which carries quasi-criminal penalties. Personal injuries also are analogous to sovereign injuries in that the latter injury is intangible and exclusive to the government, as declared by the Constitution. See, *Take Care Clause*, Art. II. §. 3. Intangible personal injuries are not assignable as they are the exclusive interests of the injured individual; similarly, intangible sovereign injuries are not assignable as they are the exclusive interests of the government.

By contrast, proprietary interests in the public context are those which protect the "estate" of the federal government in its capacity as owner or proprietor and the gate keeper for the public fisc. According to assignment principles, proprietary interests are freely assignable, including in the public arena wherein the government is an "owner" or "operator" and seeks to recover something of value that has been lost from its own estate. Thus, sovereign injuries, like personal

injuries, are not assignable, while proprietary interests are assignable in both the private and public contexts.[6] Since a sovereign injury is not assignable, plaintiff cannot establish representational standing.

### b.     Standing Principles Also Affirm that Sovereign Injuries Cannot be Assigned

A violation of law alone is not enough to establish an injury-in-fact under general standing principles.  *See e.g.*, *FEC v. Akins*, 524 U.S. 11, 24 (1998)  ("abstract" harm such as "injury to the interest in seeing that the law is obeyed . . . deprives the case of the concrete specificity" required for standing); *L. Singer & Sons* v. *Union Pacific R. Co.,* 311 U.S. 295, 303 (1940) (harm to the "common concern for obedience to law" not enough to establish injury); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572-578 (1992) (NPO member's interests in government enforcement of environmental laws and regulations insufficient to confer standing); *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) ("when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.") (*citing Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  Plaintiff would have this Court recognize a limited liability corporation's standing to litigate a false marking claim on behalf of the federal government when it has suffered no actual injury and the government has suffered only a sovereign injury from violation of the false marking statute, which carries quasi-criminal penalties.  This Court is not willing to swim against the stream of such long established and firmly applied standing precedent and assignment

---

[6]The cases upon which the Supreme Court relies in recognizing the doctrine of representational standing and partial assignment all involve assignments of a property or proprietary interest.  Therefore, when the Court states that "the United States' injury-in-fact suffices to confer standing on respondent Stevens," the injury that is partially assigned is the proprietary injury to the government. *Id*. at 774.

principles in the absence of direct guidance from a higher court.

Plaintiff relies heavily on *Pequignot v. Solo Cup Co.*, a case which held that an uninjured, section 292 private plaintiff had standing to sue a company for false markings on an expired patent because of representational standing. In that case, however, the Court focused mainly on whether section 292 is indeed a *qui tam* statute and, from there, assumed that partial assignment fulfills the standing requirement. 640 F. Supp. 2d at 720-24. In a footnote, the Court stated:

> In a supplemental brief, Solo argues that the assignment rationale under which *qui tam* standing was allowed in *Vermont Agency* should not apply to § 292(b) because § 292(b) purports to assign to relators a governmental interest that is only sovereign in nature - an interest arising from a violation of law - rather than proprietary, as in the case of the FCA, where the government suffers a concrete financial injury. Although some scholars have argued that the government can assign only proprietary, and not purely sovereign, interests, *see* Myriam E. Gilles, *Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 342-44 (2001), the Supreme Court made no such distinction in its discussion of assignment in *Vermont Agency*, and this Court declines to adopt this distinction.

*Id*. at 724 n. 15.

As stated above, this Court agrees that the Supreme Court has not explicitly ruled on this issue. Neither the Supreme Court, nor any Circuit Court of Appeals, to this Court's knowledge, however, has held that a pure "sovereign injury" is assignable.

The Court concludes that general standing principles are consistent with assignment principles, and therefore, plaintiff cannot claim representational standing because the government cannot assign a purely "sovereign injury" to a private party.

    **2.**    **Plaintiff Lacks Standing Even if the Government Could Assign a "Sovereign Injury" to a Private Entity**

Even if the government could assign a sovereign injury for violation of law to a private

plaintiff, FLFMC still lacks standing because such an injury does not constitute "concrete and actual or imminent harm." *Vermont Agency,* 529 U.S. at 771.  A mere violation of law without a showing of some tangible, quantifiable damage does not establish constitutionally adequate injury; rather, a plaintiff must show an injury from that violation of law that is concrete, such as an "actual injury to any individual competitor, to the market" for frisbees, "or to any aspect of the United States economy." *Brooks Brothers*, 615 F. Supp. 2d at 255.  Plaintiff's 20 paragraph Complaint affirmatively demonstrates that, assuming all of its averments are true, it is unable to establish such concrete, actual injury, as a matter of law.

This case is nearly identical to *Brooks Brothers.*  In that case, plaintiff alleged that defendants "knew, or at least should have known that the patents had expired, and accordingly, knowingly misrepresented to the public that each of its so-marked bow tie products was covered by a valid U.S. Patent" and that false marks were placed on the products "for the purpose of and with the intent of, deceiving the public." *Brooks Brothers*, 615 F. Supp. 2d at 252.  The Court granted defendant's motion to dismiss because the injury-in-fact "that the government is able to assign would have to be an injury to it or to the public stemming from fraudulent or deceptive false marking," and plaintiff's complaint failed "to allege with any specificity an actual injury to any individual competitor, to the market for bow ties, or to any aspect of the United States economy." *Brooks Brothers*, 615 F. Supp. at 254-55.

Similarly, FLFMC makes no specific allegations of concrete, quantifiable, or tangible injury to itself, its predecessor in interest (Kransco Manufacturing, Inc.), or to the public at large caused by any false marking.  FLFMC's position is that the mere fact that defendant affixes (allegedly) the mark of an expired patent to its products is sufficient to show an injury to the

market or the public.  The Court finds, however, that such generalized injury arising from a violation of the sovereign's laws against false marking does not, without more, show an adequate "concrete and actual or imminent" injury.  Therefore, even if a sovereign interest for a violation of law were an assignable interest, this case does not present a concrete injury or a "case or controversy" within the meaning of Article III, section 2.

### IV.   Conclusion

For the reasons set forth above, defendant's Motion to Dismiss (Doc. No. 13) will be granted.  The motion to dismiss presents a question of law not dependent on additional development of the facts, because plaintiff relies on the proposition that "an alleged violation of the false marking statute itself constitutes a sufficient injury to the United States to provide standing for FLFMC."  Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. No. 22), at 2, 6-10.  As such, amendment to the complaint would be futile, and dismissal will therefore be with prejudice.

An appropriate order follows.

**SO ORDERED**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    All Registered ECF Counsel and Parties