NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**FLFMC, LLC,**
*Plaintiff-Appellant,*

v.

**WHAM-O, INC.,**
*Defendant-Appellee*

v.

**UNITED STATES,**
*Intervenor*

---

2011-1067

---

Appeal from the United States District Court for the Western District of Pennsylvania in case no. 01-CV-0435, Judge Arthur J. Schwab

---

Decided: October 19, 2011

---

Before LINN, DYK, and PROST, Circuit Judges.

PER CURIAM

# ORDER

2                                                              FLFMC v WHAM-O

FLFMC, LLC ("FLFMC") appealed from a decision of the United States District Court for the Western District of Pennsylvania dismissing its complaint, under 35 U S C § 292, for lack of Article III standing  Wham-O, Inc ("Wham-O") asserted alternative grounds for affirmance, including challenges to the constitutionality of § 292(b) under the Take Care Clause of Article II § 3 and under the Appointments Clause of Article II § 2  This court heard oral argument on July 7, 2011

On September 16, 2011, the President signed into law the Leahy-Smith America Invents Act, H R 1249, 112th Cong (1st Sess 2011), amending 35 U S C § 292 to eliminate the *qui tam* provision on which this action was predicated  This act included the following text regarding the effective date of this provision  "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act"  Leahy-Smith America Invents Act, Pub L No 112-29 § 16(b)(4), 125 Stat 284, 329 (2011) ("the Act")  Accordingly, on September 16, 2011, the court ordered the parties to advise the court of the effect of this legislation on the status of the case

On September 30, 2011, FLFMC, Wham-O, Inc , and the United States filed a joint-response to the court's order  In this response, the parties agreed that the Act rendered this appeal and the standing determination of the district court moot  Accordingly, they requested the court to vacate the district court's decision dismissing the case for lack of standing and to dismiss this appeal

In light of the amendments to 35 U S C § 292 and the parties' agreement on the effect of the Act under the facts and circumstances of this case, this appeal is dismissed as

moot [1] Because the circumstance that rendered this case moot was the amendment of § 292(b) by Congress, over which the parties had no control, it is appropriate not only to dismiss the appeal but to vacate the district court's determination as well  28 U S C § 2106, *see Alvarez v Smith,* 130 S Ct 576, 581 (2009) ("Applying this statute, we normally do vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which was only preliminary.'" (citing *United States v Munsingwear, Inc ,* 340 U S 36, 40 (1950))), *Tafas v Kappos,* 586 F 3d 1369, 1371 (Fed Cir 2009) ("Vacatur is appropriate if the mootness arises from external causes over which the parties have no control" (citing *U S Bancorp Mortg Co v Bonner Mall P'ship,* 513 U S 18, 25 (1994)))

Accordingly,

IT IS ORDERED THAT

(1) The district court's decision dismissing the case for lack of standing is vacated as moot

(2) The case is remanded with instructions to dismiss

(3) This appeal is dismissed

(4) Each party shall bear its own costs

---

[1] The parties do not challenge, and this court does not address, the constitutionality of the retroactive application of the amendments to § 292

4     FLFMC v WHAM-O

FOR THE COURT,

October 19, 2011          /s/JanHobaly
    Date                    Jan Horbaly
                                Clerk

cc  David G. Oberdick, Esq
    Andrew J. Dhuey, Esq
    Douglas N. Letter, Esq

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**OCT 19 2011**

**JAN HORBALY**
**CLERK**